**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Stephen Erhart,

Petitioner-Defendant,

v.

United States of America,

Respondent-Plaintiff.

Civil No. 06-4461 (DWF)
Criminal No. 01-300(1) (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Stephen Erhart, *Pro Se*, Petitioner-Defendant.

Richard F. Koch, Esq., Koch & Garvis, counsel for Petitioner-Defendant.

John R. Marti and Mary L. Trippler, Assistant United States Attorneys, United States Attorney's Office, counsel for Respondent-Plaintiff.

---

This matter is before the Court upon Petitioner-Defendant Stephen Erhart's ("Petitioner-Defendant") motion, pursuant to 28 U.S.C. § 2255, for an order of this Court to vacate, set aside, or correct his sentence. On November 6, 2006, Petitioner-Defendant filed his *pro se* motion alleging four reasons why he received ineffective assistance of counsel as follows: (1) that defense counsel failed to adequately and properly advise him regarding the benefits of taking the plea agreement offered by the government; (2) that defense counsel was ineffective for not raising a forfeiture error; (3) that he received ineffective assistance of counsel pertaining to the fraud rate at sentencing; and (4) that

defense counsel was constitutionally ineffective for failing to challenge the restitution order on his ability to pay.

**BACKGROUND**

On October 16, 2001, a grand jury sitting in the District of Minnesota returned an Indictment charging Petitioner-Defendant with thirty-one counts for conduct relating to a fraudulent chiropractic billing scheme. It is true, as observed by Petitioner-Defendant, that a plea agreement was offered by the United States Attorney's Office. It is also true that Petitioner-Defendant declined to accept it. On March 4, 2002, without a plea agreement, Petitioner-Defendant entered guilty pleas to twenty-nine counts, including conspiracy, false statements, health care fraud, and money laundering charges. Petitioner-Defendant entered unqualified admissions related to his involvement in the fraudulent billing scheme and acknowledged that ninety-five percent of his business was fraudulent.

On March 6, 2002, a court trial took place, by agreement of the parties, on the remaining drug and gun counts. At that time, Petitioner-Defendant was found guilty by the Court of Count 31, possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Count 32, unlawful possession of a firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. The Court sentenced Petitioner-Defendant to a term of imprisonment of 108 months and three years supervised release on January 28, 2003. The Court also ordered restitution in the amount of $1,234,270.

At sentencing, the government presented evidence that Petitioner-Defendant was responsible for $3.7 million in reasonable foreseeable losses sustained by insurance companies. Petitioner-Defendant challenged the restitution amount and the fraud rate of seventy-five percent, claiming his earlier admission of a ninety-five percent fraud rate was the result of FBI pressure. At sentencing, Petitioner-Defendant claimed that the loss was approximately $400,000.

The transcript of the case will speak for itself. The loss was not determined with mathematical precision through an audit because Petitioner-Defendant's business and patient records were the subject of wholesale fabrication. However, twelve insurance companies provided information that they paid $1,645.691 in claims to Advantage Plus Chiropractic Center. The Court respectfully rejected the amounts suggested by both Petitioner-Defendant and the government and determined that at least seventy to eighty percent of Petitioner-Defendant's billings were fraudulent. Based upon the fraud rate, as determined by the Court, restitution was determined to be $1,234.270, which was the same loss attributed to Co-Defendant Peterson. Petitioner-Defendant objected to the loss finding. Restitution was ordered pursuant to the Mandatory Victims Restitution Act ("MVRA") at 18 U.S.C. § 3664.

Petitioner-Defendant also objected to the Court's imposition of sentencing enhancements for abuse of a position of trust and aggravating role, as well as the Court's decision to deny that Petitioner-Defendant acceptance of responsibility.

Petitioner-Defendant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, arguing that the District Court had erred in: (1) finding him guilty of a firearm defense; (2) setting the fraud rate at seventy-five percent; (3) not granting an acceptance of responsibility reduction; (4) granting an abuse of trust and a role enhancement; and (5) calculating restitution. *United States v. Erhart*, 415 F.3d 965 (8th Cir. 2005).

On November 6, 2006, as noted above, Petitioner-Defendant filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes all motions of the Petitioner-Defendant.

**DISCUSSION**

First, it is well-established that a § 2255 motion may not be used to collaterally attack issues that have been raised and decided on direct appeal. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001); *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (*per curiam*).

**I. Restitution Calculations**

With that in mind, Petitioner-Defendant challenged this Court's decision to apply a seventy-five percent fraud rate in calculating restitution on direct appeal. Petitioner-Defendant argued that the fraud rate was only forty percent. The Eighth Circuit rejected Petitioner-Defendant's claim and held that the Court set a reasonable rate,

based upon the record before it. 415 F.3d at 971. The Eighth Circuit affirmed the Court's finding of restitution in the amount of $1,234.271.

Second, Petitioner-Defendant challenged the lack of a finding regarding his ability to pay as well as the application of the MVRA. The Eighth Circuit concluded that the Court did not need to make a finding regarding Petitioner-Defendant's ability to pay because "five years of fraudulent activity was fair warning to strip Erhart of any shelter from the Ex Post Facto Clause, causing the Mandatory Victims Restitution Act to apply." *Erhart*, 415 F.3d at 973. Consequently, Petitioner-Defendant's ability to pay does not impact the amount of restitution that the Court ordered and the lack of a finding regarding his ability to pay was not error. Moreover, Petitioner-Defendant's ability to pay claim is based entirely on an issue that was decided by the Eighth Circuit. Therefore, Petitioner-Defendant cannot collaterally attack this decision of the Eighth Circuit.

Third, Petitioner-Defendant cannot now raise the issue of forfeiture error because he did not raise this issue on direct appeal. There was no final order of forfeiture because the assets subject to forfeiture were not forfeited. Instead, the Court ordered the net of $335,143.79 minus the government's incurred expenses in obtaining these assets to be applied to the restitution amount ordered. This Court never ordered forfeiture of Petitioner-Defendant's property. Therefore, since the assets subject to forfeiture were applied to the restitution amount, there was no prejudice based upon the forfeiture error

that Petitioner-Defendant asserts because the Court did not order Petitioner-Defendant's assets forfeited.

## II. Ineffective Assistance of Counsel

Petitioner-Defendant has moved the Court to vacate or reduce his sentence, asserting that his counsel was ineffective at all stages in at least four separate ways, as set forth in his § 2255 petition. The record does not support the conclusory assertions of Petitioner-Defendant. In fact, the transcripts of all proceedings belie the notion that Petitioner-Defendant received ineffective assistance of counsel. None of the claims raised by Petitioner-Defendant rise to the level of an error under the first prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner-Defendant has clearly failed to meet the burden necessary to demonstrate his ineffective assistance of counsel claim. Even if the Court were to assume that one or more of the claims raised in Petitioner-Defendant's motion rise to the level of deficient performance by his counsel, the motion would still fail because Petitioner-Defendant has not satisfied the second prong of the *Strickland* test, which requires that the error result in actual prejudice to Petitioner-Defendant.

Petitioner-Defendant's allegation with respect to the lack of success of his counsel on appeal has no support in the record. Petitioner-Defendant did, in fact, attack the amount of restitution at trial and on direct appeal on the same grounds: (1) the fraud rate; and (2) the lack of a finding regarding Petitioner-Defendant's ability to pay.

Petitioner-Defendant's lawyer did challenge the loss determination, specifically the fraud rate applied at sentencing. *United States v. Erhart*, 415 F.3d 965, 968 (2005). The Eighth Circuit rejected defense counsel's argument and affirmed the findings of the Court regarding the loss determination. Petitioner-Defendant's lawyer was not ineffective by the standards of *Strickland*; rather, his defense lawyer failed to persuade the Court as to the amount of loss according to Petitioner-Defendant's own calculations. That issue was appealed by Petitioner-Defendant's lawyer, and the trial court's decision was affirmed.

Moreover, Petitioner-Defendant's counsel was unsuccessful, not ineffective, in challenging and appealing the lack of a finding regarding Petitioner-Defendant's ability to pay restitution.

Additionally, counsel for Petitioner-Defendant was not ineffective regarding forfeiture. Forfeiture was never ordered by the Court. Rather, the United States agreed to apply the assets subject to forfeiture to the restitution order. Petitioner-Defendant was given credit for the amount of assets applied to restitution. *See* Order for Disposition of Forfeitable Property dated January 31, 2003.

Finally, Petitioner-Defendant asserts that he was denied effective assistance of counsel during the plea negotiation stage of his case. Petitioner-Defendant claims that had he received effective assistance of counsel, he would have accepted the government's offer of seventy- to eighty-seven-months imprisonment in exchange for a guilty plea.

When a defendant claims that a lawyer gave constitutionally substandard advice of the relative advantages of pleading guilty, or of accepting a plea agreement, in order to show prejudice, Petitioner-Defendant "must show that, but for counsel's advice, he would have accepted the plea." *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003). Based upon objective evidence, a petitioner-defendant must demonstrate there is a reasonable probability that he would have accepted the plea bargain but for counsel's incompetent or erroneous advice. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Petitioner-Defendant's self-serving post-conviction statements regarding his intent and desire with respect to a plea negotiation is insufficient, standing alone, to establish a "reasonable probability" that he would have accepted the plea agreement. *Engelen*, 68 F.3d at 241.

Petitioner-Defendant presents an affidavit that asserts his lawyer advised him not to accept the plea agreement, but he does not provide any basis or specific reasons why the advice was wrong or that he would have accepted the plea absent counsel's ineffective or bad advice. This, standing by itself, falls short of the threshold to prove a claim of ineffective assistance of counsel. The record before the Court fails to establish that there was a reasonable probability that Petitioner-Defendant would have taken the plea agreement, absent, what he calls, constitutionally substandard or erroneous advice.

When Petitioner-Defendant's pleas in this matter are viewed in the context of the court trial and the sentencing hearing in this matter, there is no basis in the record for this

Court to conclude, even when the evidence is viewed in the light most favorable to Petitioner-Defendant, that he would have accepted the plea agreement, absent counsel's advice. All objective evidence is to the contrary, based upon a fair and complete scrutiny of the record, as well as this Court's recollection of the demeanor, at all times, of Petitioner-Defendant. This is especially the case when one considers that the same plea negotiations were being discussed on the same topics with Co-Defendant Peterson. The record establishes that there was no last-minute plea agreement with Co-Defendant Peterson or last-minute changes to the plea agreement provided to Petitioner-Defendant or his co-defendant. There is no probability that the plea negotiations process, the plea hearing, or the sentencing would have been different, but for the conduct of Petitioner-Defendant's counsel.

The Court also concludes that an evidentiary hearing is not required in this matter. A 28 U.S.C. § 2255 petition can be dismissed without a hearing if: (1) petitioner's allegations, if accepted as true, would not entitle petitioner to release; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998). Applying that standard to the allegations of Petitioner-Defendant and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Stephen Erhart's motion to vacate, set aside, or correct his sentence, alleging ineffective assistance of counsel, is hereby **DENIED**.

2. Petitioner-Defendant Stephen Erhart's motion and request for an evidentiary hearing is **DENIED**.

3. Petitioner-Defendant Stephen Erhart's motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.

Dated: March 2, 2007

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court